# EXHIBIT I

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

**SECOND AMENDED COMPLAINT**

**CASE NO. 5:25-CV-0609-OLG**

MATTHEW ANDREW GARCES,

*Plaintiff*,

v.

UNITED STATES MARSHALS SERVICE (Official Capacity),

DIRECTOR OF U.S. MARSHAL SERVICES (Official Capacity),

JOSHUA DOE U.S. MARSHALS 1 (Individual Capacity),

MORGAN MCMANN U.S. MARSHALS 2 (Individual Capacity),

UNIDENTIFIED U.S. MARSHALS 3-7 (Individual Capacities),

JUDGE FRED BIERY (Official & Individual Capacity), and

MAGISTRATE JUDGE HENRY J. BEMPORAD (Official & Individual

Capacity),

*Defendants*.

# I. JURISDICTION & VENUE

- 28 U.S.C. § 1331: Federal question (Constitutional/ADA claims)

- 28 U.S.C. § 1343(a)(3): Civil rights deprivation

- Bivens v. Six Unknown Agents, 403 U.S. 388 (1971): Damages for constitutional violations by federal officials.

- Venue: Events occurred in San Antonio (28 U.S.C. § 1391(b)(2)).

# II. PARTIES

1. Plaintiff: Matthew Andrew Garces, San Antonio resident. Disabled individual (PTSD) entitled to ADA accommodations for court access.

2. Defendants:

    - U.S. Marshals (Individual Capacities): Enforced unlawful orders.

    - U.S. Marshals Service & Director (Official Capacities): Policymakers for courthouse security.

    - Judge Fred Biery: Issued retaliatory order barring court access.

    - Magistrate Judge Henry J. Bemporad: Issued retaliatory R&Rs to punish Plaintiff for suing Biery and Operations Clerk, Tracy Torrez.

# III. FACTUAL ALLEGATIONS: PATTERN OF RETALIATION

A. Retaliation Trigger (May 27–30, 2025)

    1. May 27, 2025: Plaintiff denied ADA accommodations by Clerk's Office; Marshals summoned after verbal exchange with Tracy Torrez.

    2. May 30, 2025: Plaintiff sued Clerk Tracy Torrez (Garces v. Torrez, No. 5:25-CV-0604-JKP).

    3. June 3, 2025: Plaintiff sued Judge Biery (Garces v. Biery, No. 5:25-CV-0609-OLG).

B. Judge Biery's Retaliatory Order (May 29, 2025)

    1. Issued "Cease and Desist Order" without notice/hearing, restricting:

        - Entry beyond security checkpoints.

        - In-person filings (mandating mail/handoff).

        - Emails/calls to Clerk's Office.

    2. Biery's Bias: Presided over 6 of Plaintiff's cases; order issued immediately after Plaintiff appealed Biery's ruling (5:25-CV-0128-FB-HJB).

C. Marshals' Retaliatory Enforcement (June 2, 2025)

    1. Barred Plaintiff from Clerk's Office citing Biery's order.

    2. Interfered with PTSD accommodation (recording device).

   3. Confined Plaintiff to public lobby, forcing disclosure of sensitive case details.

   4. Denied restroom access despite documented disability, causing physical distress.

D. Judge Bemporad's Retaliatory R&Rs (June 2–5, 2025)

   1. Issued R&Rs in 3 pending cases (5:25-CV-00252-FB-HJB; 5:25-CV-00388-FB-HJB; 5:25-CV-00441-JKP-HJB) within 72 hours of Plaintiff suing Biery.

   2. Recommended:

      - Dismissal of all claims as "frivolous" under 28 U.S.C. § 1915(e)(2).

      - Vexatious litigant designation against Plaintiff.

   3. Procedural Violations:

      - R&R in 5:25-CV-00441-JKP-HJB adopted by District Judge on June 5, 2025 — only 2 days after service (violating 14-day objection period under FRCP 72(b)(2)).

      - Reversed prior orders permitting amended pleadings without justification.

IV. LEGAL CLAIMS

COUNT 1: FIRST AMENDMENT RETALIATION

(Bivens Claim Against Biery, Bemporad & Doe Marshals)

- Legal Basis: Retaliation for protected activity (filing lawsuits) violates First Amendment. "Hartman v. Moore", 547 U.S. 250, 256 (2006).

- Judicial Bias & Recusal:

- Biery and Bemporad presided over cases while sued by Plaintiff, creating appearance of partiality. "Liteky v. U.S.", 510 U.S. 540, 555 (1994) (objective observer standard).

- 28 U.S.C. § 455(a): Recusal mandatory when judge is sued by party. "Andrade v. Chojnacki", 65 F.3d 167 (5th Cir. 1995).

- Overcoming Judicial Immunity:

- Biery's order was "administrative" (court operations), not judicial. "Forrester v. White", 484 U.S. 219, 229 (1988).

- Bemporad's R&Rs were "retaliatory acts" outside judicial function. "Lopez v. Vanderwater", 620 F.2d 1229, 1235 (7th Cir. 1980).


COUNT 2: DUE PROCESS VIOLATIONS

(5th Amendment Against All Defendants)

- Biery's Order: Imposed restrictions without notice/hearing. "U.S. v. James

    Daniel Good Real Prop.", 510 U.S. 43, 48 (1993) (liberty interest in court access).

- Bemporad's R&Rs: Premature adoption denied right to object. "Thomas v. Arn", 474 U.S. 140, 149–50 (1985) (due process requires objection period).

- Vexatious Litigant Designation: Recommended without notice/opportunity to respond. "Baum v. Blue Moon Ventures", 513 F.3d 181, 183 (5th Cir. 2008).

## COUNT 3: ADA TITLE II VIOLATIONS

(Against Marshals Service & Judicial Defendants)

- Denial of Access: Ban on in-person filing ignored PTSD accommodations. "Tennessee v. Lane", 541 U.S. 509, 533–34 (2004) (court access is fundamental right).

- Failure to Accommodate: Restroom denial violated integration mandate. "Olmstead v. L.C.", 527 U.S. 581 (1999).

- Discriminatory Policies: No training for Marshals on ADA compliance. "Delano-Pyle v. Victoria Cnty.", 302 F.3d 567, 575 (5th Cir. 2002).

COUNT 4: UNLAWFUL SEIZURE

(4th Amendment Bivens Claim Against Doe Marshals)

- Confinement in lobby without probable cause. "Terry v. Ohio", 392 U.S. 1, 16 (1968).

## V. PRAYER FOR RELIEF

1. Declaratory Judgment:

    - Biery's May 29, 2025, Order and Bemporad's June 2, 2025 R&Rs are unconstitutional.

2. Injunctive Relief:

    - Vacate Biery's Order and Bemporad's R&Rs.

    - Recuse Biery and Bemporad from all Plaintiff's cases under 28 U.S.C. § 455(a).

    - Implement ADA-compliant policies for Marshals Service.

3. Compensatory Damages:

    - $250,000 for emotional distress, humiliation, and physical suffering.

4. Punitive Damages:

    - $750,000 against Individual Capacity Defendants for reckless conduct. "Smith v. Wade", 461 U.S. 30 (1983).

5. Attorneys' Fees: 42 U.S.C. § 12205.

## VI. JURY DEMAND

Plaintiff demands a jury trial on all triable issues.

## VERIFICATION

I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed on this 17TH day of June, 2025.

Respectfully submitted,

SIGNATURE: _____*Matthew Garces*_____

Matthew Andrew Garces, Pro Se

5150 BROADWAY ST. PMB 476

SAN ANTONIO, TX 78209-5710

P: (210)239-9959

F: (210)369-9363

M: (210)842-0003

E: DRUMMAJORMAC@GMAIL.COM

W: https://www.DDGRevenueRecoveryLLC.com