UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MATTHEW ANDREW GARCES, | § § | |
| Plaintiff, | § § | |
| v. | § § | SA-25-CV-604-JKP (HJB) |
| TRACY TORRES in Her Official Capacity as Operations Clerk, and UNIDENTIFIED UNITED STATES MARSHAL, | § § § § § | |
| Defendants. | § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Jason K. Pulliam:**

This Report and Recommendation concerns the status of the above case, which was automatically referred to the undersigned for disposition of the application to proceed *in forma pauperis* ("IFP") and a review under 28 U.S.C. § 1915(e), pursuant to this Division's October 8, 2019, Standing Order.

This case is one of numerous *pro se* lawsuits Plaintiff has filed.[1] Many of Plaintiff's cases have been dismissed for failure to state a plausible, non-frivolous, claim.[2] In light of

---

[1] *See, e.g., Garces v. Hernandez, et al.*, SA-25-CV-81-JKP; *Garces v. Hernandez*, SA-25-CV-82-FB; *Garces v. City of San Antonio, et al.*, SA-25-CV-127-FB; *Garces v. Garland, et al.*, SA-25-CV-128-FB; *Garces v. Mohammed*, SA-25-CV-141-JKP (ESC); *Garces v. U.S. Dep't of Justice, et al.*, SA-25-CV-252-FB; *Garces v. United Health Care, et al.*, SA-25-CV-256-FB (RBF); *Garces v. Hernandez*, SA-25-CV-312-XR; *Garces v. Ruiz, et al.*, SA-25-CV-339-JKP (HJB); *Garces v. San Antonio Police Dep't*, SA-25-CV-388-FB (HJB); *Garces v. Rossbach, et al.*, SA-25-CV-441-JKP; *Garces v. Contreras et al.*, SA-25-CV-539-OLG (ESC); *Garces v. Doe et al.*, SA-25-CV-578-FB (RBF); *Garces v. Bisignano*, SA-25-CV-579-XR (HJB); *Garces v. Univ. Hospital et al.*, SA-25-CV-580-OLG (HJB); *Garces v. Huerta et al.*, SA-25-CV-633-XR (HJB); *Garces v. CarMax, Inc.*, SA-25-CV-635-XR (RBF); *Garces v. Tenet Health, et al.*, SA-25-CV-636-OLG; *Garces v. Garcia*, SA-25-CV-686-OLG (HJB).

[2] *See, e.g., Garces v. Hernandez, et al.*, SA-25-CV-81-JKP (case dismissed with prejudice

Plaintiff's pattern of filing frivolous matters, the undersigned recommended that Plaintiff be declared a vexatious litigant, and that he be enjoined from filing new lawsuits without prior authorization. *See Garces v. Rossbach, et al.*, SA-25-CV-441-JKP, Report and Recommendation (W.D. Tex. June 4, 2025). The IFP application in present case was pending when that recommendation was made, so the undersigned stayed the case pending the District Court's consideration of the vexatious-litigant recommendation. (Docket Entry 12.)

The District Court has now adopted the undersigned's Report and Recommendation, declared Plaintiff to be a vexation litigant, and enjoined him from filing civil suits in the Western District of Texas without first obtaining leave of Court. *See Garces v. Rossbach, et al.*, SA-25-CV-441-JKP, Order (W.D. Tex. September 4, 2025). In light of the pre-filing injunction imposed upon Plaintiff, I recommend that this case be **DISMISSED WITHOUT PREJUDICE** to refiling, should Plaintiff obtain prior permission from the Court to so do.

## Instruction for Service and Notice for Right to Object

The United States District Clerk shall serve a copy of this Report and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this Report and Recommendation must be filed within **14 days** after being served with a copy of the same, unless this time period is modified by the District Court. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

---

based on res judicata); *Garces v. Hernandez*, SA-25-CV-82-FB (case dismissed with prejudice for failure to state a claim); *Garces v. City of San Antonio, et al.*, SA-25-CV-127-FB (case dismissed for lack of jurisdiction and failure to state a claim); *Garces v. Garland, et al.*, SA-25-CV-128-FB (case dismissed with prejudice for failure to state a claim); *Garces v. U.S. Dep't of Justice, et al.*, SA-25-CV-252-FB (case dismissed with prejudice for failure to state a claim); *Garces v. Rossbach, et al.*, SA-25-CV-441-JKP (case dismissed with prejudice for failure to state a claim); *cf. Garces v. Tenet Health, et al.*, SA-25-CV-636-OLG (case dismissed for failure to prosecute),

The parties shall file any objections with the Clerk of the Court and serve the objections on all other parties. An objecting party must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; "objections that are frivolous, conclusory, or general in nature needn't be considered." *Williams v. Lakeview Loan Serv. LLC*, 694 F. Supp. 3d 874, 881 (S.D. Tex. 2023) (citing *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987)).

A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the party from a *de novo* review by the District Court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to, proposed findings and conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED** on September 10, 2025.

Henry J. Bemporad
United States Magistrate Judge